# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PARK PET SHOP, INC., POCKET PUPPIES BOUTIQUE, INC., JIM PARKS, SR., LANE BORON, SUSAN REID, and CEDAR WOODS FARM, | ) ) ) ) ) | 15 C 1450 |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Judge Jorge L. Alonso |
| THE CITY OF CHICAGO through the City Council of Chicago, SUSANA A. MENDOZA, in her official capacity as City Clerk of the City of Chicago, and SANDRA ALFRED, in her official capacity as Executive Director of the City of Chicago Department of Animal Control, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

In their first amended complaint, plaintiffs allege that a Chicago ordinance regulating the sale of dogs, cats, and rabbits is unconstitutional. They seek to file a second amended complaint to: (1) "make express in their jurisdictional paragraph that this Court has authority to enter the . . . relief requested"; (2) allege new facts and assert new theories in support of their Commerce Clause claim; and (3) assert an alternative takings claim. (Mot. Leave Amend Compl. at 1-2.) Leave to amend should be "freely give[n]," *see* Federal Rule of Civil Procedure 15(a), absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants argue that the motion should be denied because plaintiffs could have incorporated the proposed amendments in their first amended complaint and allowing them to amend now will prolong the case, and thus the stay of enforcement of the contested ordinance. (*See* Defs.' Resp. Pls.' Mot. Leave Am. Compl. at 2-4.) Neither of these arguments is persuasive. Assuming arguendo that plaintiffs could have incorporated the proposed amendments earlier, their short delay in seeking to do so given that this case is still in the pleading stage is not a reason for denying their motion. *See McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir.) (noting that "[t]he issue of undue delay generally arises when a plaintiff seeks leave to amend deep into the litigation"), *reh'g denied*, 769 F.3d 535 (2014); *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 838 F.2d 904, 909 (7th Cir. 1988) ("A number of cases say that delay by itself does not justify denying a motion to amend a pleading in view of the statement in Fed. R. Civ. P. 15(a) that 'leave [to amend] shall be freely given when justice so requires.'"). Moreover, defendants' contention that the delay in the proceedings, and concomitant delay in enforcing the ordinance, will prejudice them rings hollow given their voluntary agreement not to enforce the ordinance until this case is resolved. Accordingly, the Court grants plaintiffs' motion to file an amended complaint [50] on or before August 17, 2015 and strikes as moot defendants' motion to dismiss the first amended complaint [32] and plaintiffs' motion to file an excess-length response to the motion to dismiss [54].

**SO ORDERED.**  ENTERED:  August 3, 2015

_____
**HON. JORGE ALONSO**
**United States District Judge**